**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No:

DONALD KRAL

   Plaintiff,

v.

SavATree, LLC

   Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Donald Kral by and through counsel Christopher M.A. Lujan of EMPOWER P.C., respectfully alleges his Complaint and Jury Demand against SavATree, LLC, referred to herein as "Defendant" or "SAT."

## I.  INTRODUCTION

1. While serving as a district trainer for SAT in 2022, Mr. Kral suffered from a severe workplace injury where he severely injured his ankle. After undergoing surgery to repair his ankle, Mr. Kral returned to work where he could successfully complete the essential functions of his job in training SAT personnel to perform their duties in lawn and pest control.

2. Despite asking for a reasonable accommodation that would allow Mr. Kral to successfully continue performing the essential functions of his job, the Defendant

decided to terminate Mr. Kral because they claimed they could not provide him with a reasonable accommodation.

3.      In an effort to stay employed with a company, Mr. Kral applied for a lower level administrative position that he was eminently qualified for.

4.      The Defendant hired other, younger, less-experienced candidates for this position.  The same management team who separated Mr. Kral because of his disability are the same management team who refused to hire Plaintiff for a lower-level administrative position that he was qualified for.  The Defendant denied Mr. Kral employment in this position because of his age and disability.

5.      As a result of Defendant's illegal treatment, Mr. Kral lost his job which caused him to suffer lost wages and benefits, humiliation, loss of future employment opportunities, loss of enjoyment of life, and other significant injuries, damages, and losses.

## II.    NATURE OF THE ACTION

6.      This employment action against Defendant seeks to enforce rights and remedies guaranteed by, inter alia, Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111, et. seq.; the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §623, et. seq.; and the Colorado Anti-Discrimination Act, as amended, Colo. Rev. Stat. § 24-34-402, et seq. ("CADA") and to provide relief to Plaintiff, who has been adversely affected by the Defendant's violation of such employment rights, as detailed below.

2

### III.   ADMINISTRATIVE PREREQUISITES

7.    Plaintiff timely filed a Charge of Discrimination with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission (EEOC) on 27 March 2025.  Mr. Kral received a Notice of the Right to Sue letter from the CCRD on 25 August 2025 and a Notice of the Right to Sue letter from the EEOC on 04 September 2025. Thus, all administrative prerequisites have been met.

### IV.   PARTIES

8.    Plaintiff Donald Kral (hereafter "Plaintiff") is a resident of Federal Heights, Colorado and was employed by the Defendant.

9.    Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111.

10.    Plaintiff is an individual with a disability within the meaning of the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. § 24-34-402, et seq.

11.    At all times relevant throughout this Complaint, Defendant SavATree, LLC employed Plaintiff at their facilities located in Colorado.

12.    Defendant currently owns and operates facilities throughout Colorado. Furthermore, SAT engages in interstate commerce by providing tree and lawn care to customers throughout the United States.  The Defendant is incorporated in Delaware, and its corporate headquarters is located in Bedford Hills, New York.

13.    At all times relevant throughout this Complaint, Defendant is a covered employer under the ADA and CADA.

3

## V.    JURISDICTION AND VENUE

14.    Plaintiff incorporates by reference the above paragraphs herein as set forth herein.

15.    Plaintiff brings this action under the Age Discrimination in Employment Act ("ADEA") of 1967 29 U.S.C. §623, et. seq; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111, et. seq.; and the Colorado Anti-Discrimination Act, as amended, Colo. Rev. Stat. § 24-34-402, et seq.

16.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, and 1343.  The Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 (a), as such claims raise out of the same case or controversy as Plaintiff's federal law claims.

17.    Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in the District of Colorado.

18.    Plaintiff's claims for attorney's fees and costs are proper under the enforcement provisions of the ADA, ADEA, and CADA.

19.    Based on the foregoing, Plaintiff has fulfilled all conditions precedent to initiating this lawsuit.

## VI.    FACTUAL ALLEGATIONS

20.    The Plaintiff was hired by SAT on 19 April 2017 to work as a manager.

21.    Approximately one year after working as a manager, Mr. Kral was promoted to serve as a front range district trainer.

22.    As a district trainer, Mr. Kral was responsible for training lawn and tree crews.  Mr. Kral would also train crews on how to properly decorate trees with Christmas tree lighting.

23.    As a district trainer, Mr. Kral was also responsible for ensuring that training documentation was submitted in several states throughout the country including Montana, Utah, and Colorado.

24.    While at work on 20 September 2022, Mr. Kral was assisting his colleagues in moving aeration equipment when he was involved in a workplace accident.

25.    Mr. Kral severely sprained his ankle where he was immediately taken to an urgent care clinic.  From September 2022 through April 2023, Mr. Kral went through physical therapy to fully recover from his workplace injury.

26.    When Plaintiff's doctors determined that physical therapy would not allow for Mr. Kral to fully recover from his injuries, Plaintiff underwent surgery on 27 April 2023.

27.    One month after his surgery, Mr. Kral's ankle became severely infected, and he was required to undergo emergency surgery on 28 May 2023.  This infection caused Mr. Kral to be hospitalized for several days and was under the care of Colorado's infectious disease division for several weeks.

28.    Upon his release from the hospital, Mr. Kral was allowed to return to work on 01 August 2023 with the assistance of leg braces and crutches.  Upon returning to work, Mr. Kral worked at SAT offices where he would work with crews, provided training, and accompanied crews in the field where he would observe crew performance.

29.     During this time, Mr. Kral also assisted in performing office administrative duties and worked to develop training modules for lawn employees to advance in their development at SAT.  During this time, Mr. Kral was able to successfully perform the essential functions of his job as a district trainer.

30.     On 16 October 2023, Mr. Kral's ankle again became infected which required him to immediately go to urgent care.  After undergoing an MRI, it was determined that the infection had spread to his upper leg and emergency surgery would again be necessary to treat the infection.

31.     On 17 October 2023, surgery was performed on Mr. Kral's leg.

32.     After being cleared by his medical team to do so, Mr. Kral returned to work in January 2024.  While Mr. Kral occasionally reported to the office, the Defendant allowed Mr. Kral to work from home.

33.     During this time, Mr. Kral performed miscellaneous administrative office duties and worked on internal training documents.  Specifically, Mr. Kral worked with the Defendant's front range district office on training modules dealing with plant health care such as spraying and caring for trees.

34.     In February 2024, Mr. Kral developed training modules for all district employees for lawn and plant care employees throughout the western United States.

35.     In getting lawn crews ready for the lawn season in February 2024, Mr. Kral trained crew members and accompanied these employees at night to help train crews. Mr. Kral used a cane to assist him in walking with these crews.

6

36. With the assistance of a cane, Mr. Kral was able to demonstrate how to use backpack spray equipment to assist on spraying tree bark and spraying lawns for lawn care. Further, Mr. Kral would spray lawns for pest and weed control.

37. In May 2024, Plaintiff drove himself to Montrose, Colorado to assist SAT employees in the Alpine Region in training employees in using a large spray boom on an ATV and other SAT specific training equipment. Mr. Kral worked in Montrose for several days performing this work.

38. From May 2024 through August 2024, Mr. Kral would frequently work more than forty (40) hours a week.

39. On 15 July 2024, Mr. Kral received final medical recommendations from his doctor advising him that he reached maximum medical improvement or MMI.

40. Mr. Kral's doctor imposed permanent working restrictions which included: no pushing over 75 pounds; no lifting over 50 pounds; no pulling over 25 pounds; no climbing on ladders or stepstools; driving of automatic vehicles with cruise control; and use of a cane at work.

41. Shortly after receiving these restrictions, Mr. Kral requested a reasonable accommodation for him to use of a company-issued vehicle with automatic transmission.

42. Shortly after receiving these restrictions, Mr. Kral requested a reasonable accommodation for him to use a brace, crutch, and cane to assist him in the performance of his duties.

43.     Shortly after receiving these restrictions, Mr. Kral requested a reasonable accommodation which would allow for him to use a light pole when hanging Christmas lights on trees as opposed to using a ladder.

44.     Despite these restrictions, Mr. Kral could still perform the essential functions of his job which he was doing from the time that he returned after his latest hospitalization in January 2024 through August 2024.

45.     On 09 August 2024, Front Range District Manager Kelly Gouge interrupted Mr. Kral, while he was in the middle of providing training to an employee and asked to meet with him.  At this meeting, Mr. Gouge notified Plaintiff that his employment was ending immediately because the Defendant claimed it did not have an ongoing position that would "align" with Mr. Kral's work restrictions.  The Defendant notified Mr. Kral in writing of his job separation.

46.     During this meeting, Mr. Kral asked Mr. Gouge if there were any other employment opportunities available at SAT.  Specifically, Mr. Kral asked if he could work as an arborist assistant, which is a lower-level office job than his previous job as a district trainer.  Mr. Gouge told Mr. Kral that there were no arborist assistant positions available.

47.     The following week, Mr. Kral noticed that an arborist assistant position was open in SAT's Fort Collins, Colorado office.  Mr. Kral contacted the Branch Manager at the Fort Collins office, and this manager told Plaintiff that he would like to have Mr. Kral as part of his team.

48.     Due to his years of service and his work as a district trainer, Mr. Kral was qualified to work as an arborist assistant.

8

49. Mr. Kral applied for the arborist assistant position on or around 15 August 2024.

50. Mr. Kral was never allowed to interview for the arborist assistant position.

51. Mr. Kral was told by his former colleagues at SAT that he was never allowed to compete for the arborist assistant position because Mr. Gouge told the Fort Collins branch manager that he could not hire Plaintiff.

52. The Defendant failed to hire Mr. Kral for this position because of his disability and his age.

53. In August 2024, Mr. Kral was 57 years of age.

54. The Defendant hired a non-disabled, much younger individual to work as an arborist assistant in the Fort Collins facility.

55. The Defendant terminated Plaintiff from his position as a district trainer because of his disability.

56. The Defendant failed to hire Plaintiff for the arborist assistant position because of his disability and his age.

57. The Defendant terminated Plaintiff less than one month after he asked for reasonable accommodations which would allow him to perform the essential functions of his job as a district trainer.

58. The Defendant refused to hire Plaintiff for the arborist assistant position approximately five weeks after he asked for reasonable accommodations which would allow him to perform the essential functions of his job as a district trainer.

9

59.    The Defendant has discriminated against the Plaintiff on the basis of his age when it hired a younger, less qualified candidate for the arborist assistant position over Mr. Kral.

60.  The Defendant discriminated against the Plaintiff when it refused, or failed to engage in the interactive process to identify reasonable accommodations that would allow for Mr. Kral to perform the essential functions of his job.

61.    The Defendant retaliated against the Plaintiff by terminating him shortly after asking for a reasonable accommodation for his disability.

62.    The Defendant retaliated against the Plaintiff when it refused to hire him shortly after asking for a reasonable accommodation for his disability.

63.    These adverse employment actions occurred soon after he engaged in protected activities in violation of the ADA and CADA.

64.    At the time of his termination, Mr. Kral was earning approximately $91,000 a year in salary and benefits.

65.    At the time of his termination, Mr. Kral had planned on working for SAT until his retirement at 65 years of age.

**VII. STATE OF CLAIMS FOR RELIEF**
**<u>FIRST CLAIM FOR RELIEF</u>**
**(Discrimination on the Basis of Disability in Violation of**
**42 USC §12111, *et. seq.*)**

66.    Plaintiff incorporates by reference the above paragraphs herein as set forth herein.

67.    At all times relevant in this Complaint, Plaintiff was a qualified individual with a disability under the Americans with Disabilities Act.

10

68.    Plaintiff was qualified for his job as evidenced by his promotion to district trainer and the successful performance of the essential functions of his job.

69.    Plaintiff was qualified for employment as an arborist assistant as he met the minimum qualifications with this position and he was encouraged by the branch manager of the Fort Collins facility to apply for this position.

70.    As a result of his severely sprained ankle and complications arising from the surgery to repair his ankle, Plaintiff is a qualified individual with an actual disability under the Americans with Disabilities Act.

71.    Plaintiff's ankle injury substantially limited a variety of major life activities including working, concentrating, caring for oneself, sleeping, learning, reading, breathing, thinking, and communicating.

72.    Plaintiff's ankle injury substantially limited his ability to work in a whole class of jobs connected with lawn and tree maintenance.

73.    Plaintiff's ankle injury is a physical disability that severely impacts major life activities including his ability to work.

74.    The Plaintiff made SAT Front Range District Manager Kelly Gouge and SAT's human resources department aware of his ankle injury in September 2022 so they had direct knowledge of his actual disability.

75.    The Defendant has a record of the Plaintiff's disability when they received medical paperwork on his serious medical condition in connection with his requests for leave.

76.     The Defendant has a record of the Plaintiff's disability when they received written notice of his medical restrictions.

77.     The Plaintiff on numerous occasions in July and August 2024 made numerous requests for reasonable accommodations which would allow for him to perform the essential functions of his position as a district trainer.

78.     From August 2023 through his termination in August 2024, the Plaintiff successfully performed the terms and conditions of his position by utilizing portable medical devices (brace, crutch, cane); working from home; and using company vehicles with automatic transmissions.

79.     Despite having actual notice of Plaintiff's disabilities, Defendant failed to provide him with a reasonable accommodation as required under the Americans with Disabilities Act.

80.     The Defendant did not engage in the interactive process before terminating Plaintiff on 09 August 2024.

81.     The Plaintiff was subjected to adverse treatment in being terminated from his employment because of his disability.

82.     The Plaintiff was subjected to adverse treatment when the Defendant refused to hire him as an arborist assistant because of his disability.

83.     Defendant's acts and conduct were committed with malice or with reckless indifference to the Plaintiff's federally protected rights within the meaning of the Americans with Disabilities Act.

84. Defendant is liable for the acts or omissions of its agents and employees. Defendant, either directly or by and through their agents, discriminated against Plaintiff on the basis of his disability, record of having a disability, or being perceived as having a disability.

85. As a proximate result of Plaintiff's protection against disability discrimination, Plaintiff suffered and continues to suffer injuries, damages, and losses.

86. The acts or omissions by the Defendant were the legal and proximate cause of Plaintiff's damages as may be proven at trial.

87. Defendant's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Anti-Retaliation Provisions in the ADA,**
**42 USC §12111, *et. seq.*)**

88. Plaintiff hereby incorporates all paragraphs of this Complaint as fully set forth herein.

89. On numerous occasions in July and August 2024, the Plaintiff requested reasonable accommodation under the ADA. On each occasion that Plaintiff make a reasonable accommodation, he had a good faith belief that his request is covered by the ADA.

90. The reasonable accommodations requested by the Plaintiff was the same accommodations he was using for approximately one year before he was terminated in August 2024.

13

91.     The Plaintiff's requests for reasonable accommodation are a protected activity.

92.     The Defendant's decision to terminate Mr. Kral on 09 August 2024 is an adverse employment action.

93.     The Defendant's decision not to hire Mr. Kral for the arborist assistant position in August 2024 is an adverse employment action.

94.     Each of these adverse employment actions happened shortly after the Plaintiff engaged in an adverse employment action.

95.     The Plaintiff was subjected to adverse treatment in being terminated from his employment because of his disability.

96.     The Plaintiff was subjected to adverse treatment in being denied employment because of his disability.

97.     As a proximate result of Plaintiff's engagement in multiple instances of protected activities in July and August 2024, the Defendant has retaliated against Mr. Kral for doing so which has caused the Plaintiff to suffer injuries, damages and losses.

98.     The acts or omissions by the Defendant were the legal and proximate cause of Plaintiff's damages as may be proven at trial.

99.     Defendant's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

## THIRD CLAIM FOR RELIEF
**(Discrimination on the Basis of Age in Violation of 29 U.S.C. §623, et. seq)**

100.     Plaintiff incorporates by reference, as though fully set forth herein.

14

101.    At the time that he was not selected for the arborist assistant position, Plaintiff was 57 years old and is a member of a class of citizens that is protected by the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq.

102.    Plaintiff was well qualified for his position as an arborist assistant.

103.    The Defendant selected a younger, less qualified individual(s) for the arborist assistant position.

104.    The Defendant knew Plaintiff's age because of the numerous documents it received in connection with Mr. Kral's medical injuries and requests for leave.  This information contains Plaintiff's date of birth and the Defendant knew this information before it hired a younger, lesser qualified arborist assistant.

105.    The Defendant, through the actions of its supervisors, discriminated against Plaintiff because of his age by willfully and deliberately failing to hire Mr. Kral for a position that he was more than qualified for.

106.    The Defendant's proffered reasons for refusing to hire Plaintiff were mere pretext for discrimination.

107.    The Defendant treated Plaintiff less favorably than similarly situated younger candidates for the arborist assistant position.

108.    The Plaintiff was subjected to adverse treatment because of his age which includes, but is not limited to, the Defendant's failure, or refusal, to hire him and their role in improperly interfering with Plaintiff's future employment prospects.

109.    The Plaintiff was subjected to adverse treatment in the Defendant's failure to hire him because of his age.

110.    As a proximate result of Plaintiff's protection against age discrimination, Plaintiff suffered and continues to suffer injuries, damages and losses.

111.    The acts or omissions by the Defendant were the legal and proximate cause of Plaintiff's damages as may be proven at trial.

112.    Defendant's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

**FOURTH CLAIM FOR RELIEF**
**(Disability Discrimination in Violation of the**
**Colorado Anti-Discrimination Act C.R.S. § 24-34-402 *et.seq.*)**

113.    Plaintiff incorporates by reference the above paragraphs herein as set forth herein.

114.    At all times relevant in this Complaint, Plaintiff was a qualified individual with a disability under the Colorado Anti-Discrimination Act.

115.    Plaintiff was qualified for his job as evidenced by his promotion to district trainer and the successful performance of the essential functions of his job.

116.    Plaintiff was qualified for employment as an arborist assistant as he met the minimum qualifications with this position and he was encouraged by the branch manager of the Fort Collins facility to apply for this position.

117.    As a result of his severely sprained ankle and complications arising from the surgery to repair his ankle, Plaintiff is a qualified individual with an actual disability under the Colorado Anti-Discrimination Act.

118.    Plaintiff's ankle injury substantially limited a variety of major life activities including working, concentrating, caring for oneself, sleeping, learning, reading, breathing, thinking, and communicating.

119.    Plaintiff's ankle injury substantially limited his ability to work in a whole class of jobs connected with lawn and tree maintenance.

120.    Plaintiff's ankle injury is a physical disability that severely impacts major life activities including his ability to work.

121.    The Plaintiff made SAT Front Range District Manager Kelly Gouge and SAT's human resources department aware of his ankle injury in September 2022 so they had direct knowledge of his actual disability.

122.    The Defendant has a record of the Plaintiff's disability when they received medical paperwork on his serious medical condition in connection with his requests for leave.

123.    The Defendant has a record of the Plaintiff's disability when they received written notice of his medical restrictions.

124.    The Plaintiff on numerous occasions in July and August 2024 made numerous requests for reasonable accommodations which would allow for him to perform the essential functions of his position as a district trainer.

125.    From August 2023 through his termination in August 2024, the Plaintiff successfully performed the terms and conditions of his position by utilizing portable medical devices (brace, crutch, cane); working from home; and using company vehicles with automatic transmissions.

126.    Despite having actual notice of Plaintiff's disabilities, Defendant failed to provide him with a reasonable accommodation as required under the Colorado Anti-Discrimination Act.

127.    The Defendant did not engage in the interactive process before terminating Plaintiff on 09 August 2024.

128.    The Plaintiff was subjected to adverse treatment in being terminated from his employment because of his disability.

129.    The Plaintiff was subjected to adverse treatment when the Defendant refused to hire him as an arborist assistant because of his disability.

130.    Defendant's acts and conduct were committed with malice or with reckless indifference to the Plaintiff's state protected rights within the meaning of the Colorado Anti-Discrimination Act.

131.    Defendant is liable for the acts or omissions of its agents and employees. Defendant, either directly or by and through their agents, discriminated against Plaintiff on the basis of his disability, record of having a disability, or being perceived as having a disability.

132.    As a proximate result of Plaintiff's protection against disability discrimination, Plaintiff suffered and continues to suffer injuries, damages, and losses.

133.    The acts or omissions by the Defendant were the legal and proximate cause of Plaintiff's damages as may be proven at trial.  Defendant's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

**FIFTH CLAIM FOR RELIEF**
**(Retaliation in Violation of the Colorado Anti-Discrimination Act C.R.S. §
24-34-402 *et.seq.*)**

134.    Plaintiff hereby incorporates all paragraphs of this Complaint as fully set forth herein.

135.    On numerous occasions in July and August 2024, the Plaintiff requested reasonable accommodation under CADA.  On each occasion that Plaintiff make a reasonable accommodation, he had a good faith belief that his request is covered by the CADA.

136.    The reasonable accommodations requested by the Plaintiff was the same accommodations he was using for approximately one year before he was terminated in August 2024.

137.    The Plaintiff's requests for reasonable accommodation are a protected activity.

138.    The Defendant's decision to terminate Mr. Kral on 09 August 2024 is an adverse employment action.

139.    The Defendant's decision not to hire Mr. Kral for the arborist assistant position in August 2024 is an adverse employment action.

140.    Each of these adverse employment actions happened shortly after the Plaintiff engaged in an adverse employment action.

141.    The Plaintiff was subjected to adverse treatment in being terminated from his employment because of his disability.

142.    The Plaintiff was subjected to adverse treatment in being denied employment because of his disability.

19

143.     As a proximate result of Plaintiff's engagement in multiple instances of protected activities in July and August 2024, the Defendant has retaliated against Mr. Kral for doing so which has caused the Plaintiff to suffer injuries, damages and losses.

144.     The acts or omissions by the Defendant were the legal and proximate cause of Plaintiff's damages as may be proven at trial.

145.     Defendant's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

### SIXTH CLAIM FOR RELIEF
### (Age Discrimination in Violation of the
### Colorado Anti-Discrimination Act C.R.S. § 24-34-402 *et.seq.*)

146.     Plaintiff incorporates by reference, as though fully set forth herein.

147.     At the time that he was not selected for the arborist assistant position, Plaintiff was 57 years old and is a member of a class of citizens that is protected by CADA.

148.     Plaintiff was well qualified for his position as an arborist assistant.

149.     The Defendant selected a younger, less qualified individual(s) for the arborist assistant position.

150.     The Defendant knew Plaintiff's age because of the numerous documents it received in connection with Mr. Kral's medical injuries and requests for leave.  This information contains Plaintiff's date of birth and the Defendant knew this information before it hired a younger, lesser qualified arborist assistant.

151.     The Defendant, through the actions of its supervisors, discriminated against Plaintiff because of his age by willfully and deliberately failing to hire Mr. Kral for a position that he was more than qualified for.

152.    The Defendant's proffered reasons for refusing to hire Plaintiff were mere pretext for discrimination.

153.    The Defendant treated Plaintiff less favorably than similarly situated younger candidates for the arborist assistant position.

154.    The Plaintiff was subjected to adverse treatment because of his age which includes, but is not limited to, the Defendant's failure, or refusal, to hire him and their role in improperly interfering with Plaintiff's future employment prospects.

155.    The Plaintiff was subjected to adverse treatment in the Defendant's failure to hire him because of his age.

156.    As a proximate result of Plaintiff's protection against age discrimination, Plaintiff suffered and continues to suffer injuries, damages and losses.

157.    The acts or omissions by the Defendant were the legal and proximate cause of Plaintiff's damages as may be proven at trial.

158.    Defendant's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against Defendant and order the following relief as allowed by law:

A.    Compensatory damages, including but not limited to those for emotional distress, inconvenience, mental anguish, and loss of enjoyment of life;

B.    Back pay and benefits;

C.    Front pay and benefits;

D.    Equitable relief, including declaratory relief and promotion;

E.    Liquidated damages in accordance with 29 U.S.C. §626 (b);

F.    Attorneys' fees and costs of this action as permitted by law;

G.    Pre-judgment and post-judgment interest; and

H.    Such further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this 23rd day of November 2025.


_s/ Christopher M.A. Lujan_
Christopher M.A. Lujan, Esq.
Empower P.C
2851 South Parker Road, Suite 316
Aurora, Colorado 80014
720.791.5700 (Office)
720.260.1802 (Mobile)
303.317.8145 (Facsimile)
christopher@empowerlawdenver.com
Attorney for Plaintiff Mr. Donald Kral


cc: Mr. Donald Kral